**Ghaleb Mounir AWADA, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Defendant–Appellant.**

**No. 08–1031–ag.**

United States Court of Appeals, Second Circuit.

July 17, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as the responded in this case.

Ronald Salomon, New York, N.Y., for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, William C. Minick, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER, PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Petitioner Ghaleb Mounir Awada, a native and citizen of Lebanon, seeks review of a February 1, 2008 order of the BIA affirming the February 13, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ghaleb Mounir Awada,* No. A95 956 822 (B.I.A. Feb. 1, 2008), *aff'g* No. A95 956 822 (Immig. Ct. N.Y. City Feb. 13, 2006). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). In addition, when the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or, more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007).

As an initial matter, we lack jurisdiction to review the agency's determination, under 8 U.S.C. § 1158(a)(2)(B), that Awada's asylum application was untimely. *See* 8 U.S.C. § 1158(a)(3); *Gui Yin Liu v. INS,* 508 F.3d 716, 720 (2d Cir.2007). Awada's petition must therefore be dismissed insofar as it relates to his asylum claim.

When an alien is determined to be ineligible for asylum, his application will be construed as one for withholding of removal. 8 C.F.R. § 1208.3(b). To establish eligibility for withholding of removal, an alien must demonstrate that it is more likely than not that his life or freedom would be threatened in the country of removal because of the alien's race, religion, nationality, membership in a particular social group, or political opinion. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). The alien can satisfy this standard by showing either past persecution or a likelihood of future persecution. 8 C.F.R. § 1208.16(b).

▮ Awada sought to establish his eligibility for withholding of removal by demonstrating past persecution. He testified that following a brief period of involvement with an Israeli-backed militia in the mid–1980s, he suffered harassment at the hands of Hezbollah terrorists culminating in a confrontation in 1996 during which he claims he was shot. The IJ found Awada's testimony not to be credible, citing both Awada's demeanor and factual discrepancies in his story. Specifically, the IJ noted that Awada claimed he was shot on February 2, 1996 and spent about forty days in prison, but also testified that he collected a passport on March 23, 1996, fifteen days after he had applied for the passport in person. The IJ reasoned that Awada could not have applied for the passport in person in early March if he was in fact hospitalized for as long as he claimed. While this supposed factual inconsistency is minor, we review the IJ's factual determinations—including adverse credibility determinations—for substantial evidence, reversing only when a reasonable factfinder would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B). Moreover, an IJ's findings with regard to an alien's demeanor are accorded "great deference." *Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006). We must therefore defer to the IJ's determination that Awada's testimony was not credible.

In the absence of credible testimony, the IJ determined that Awada had not satisfied his evidentiary burden in demonstrating eligibility for withholding of removal, finding that the background material submitted by Awada did not establish a pattern or practice of persecution against a group of which Awada was a member, and suggesting that corroborative evidence in the form of testimony from Awada's brothers was both available and reasonably expected. Awada argues before this Court that his own testimony sufficed to establish his eligibility, and that therefore corroborative testimony was unnecessary. But because the IJ's adverse credibility determination is entitled to deference, Awada's testimony does not suffice, and the IJ was therefore entitled to consider the lack of corroboration. *See Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000) ("While consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected.").

As for Awada's argument that the IJ failed to give the submitted background materials adequate consideration, "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336–37 n. 17 (2d Cir.2006). Awada has not demonstrated that the record compellingly suggests otherwise here.

▮ Finally, Awada has not challenged the IJ's ruling that he failed to establish a likelihood of torture by or with the acquiescence of the Lebanese government. He has therefore waived any challenge to the

IJ's denial of his CAT claim. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).